I.
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02154-CMA-STV

ELIZABETH KIRKWOOD,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on dueling motions for summary judgment. For the following reasons, the Court denies Plaintiff's Motion (Doc. # 29) and grants Defendant's Motion (Doc. # 42).

### I.    BACKGROUND

Plaintiff was allegedly injured in a car accident. (Doc. # 4, ¶ 6). She sued the other driver, Duane Keeson, claiming that Keeson was at fault. (Doc. # 29, ¶ 3). At the time, Keeson had a total of $1.1 Million in available insurance coverage: a $100,000 auto-liability policy and a $1,000,000 personal-liability umbrella policy. (Doc. # 29, ¶ 3). The parties agree that both policies applied to the accident, and both could have been used to compensate Plaintiff for her injuries. (*See* Doc. # 29, ¶ 5; Doc. # 34, ¶ 1). However, Plaintiff's then-attorneys never told her about the $1,000,000 umbrella policy. (Doc. # 29, ¶ 3). Plaintiff, believing that Keeson had only $100,000 in available

1

insurance coverage, ultimately settled the case for $100,000 – the limit of Keeson's auto-insurance policy. (Doc. # 29, p. 3).

Plaintiff is now suing her auto-insurance carrier, State Farm, seeking underinsured-motorist (UIM) benefits.[1] (Doc. # 4). She claims that her damages exceeded the $100,000 settlement with Keeson, and she argues that it is State Farm's responsibility to make up the difference. State Farm counters that it has no obligation to pay UIM benefits because Keeson was not underinsured: his $1.1 Million in total insurance coverage was more than enough to compensate Plaintiff for her injuries. Both parties now seek summary judgment.

## II.   ANALYSIS

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agree that there is no genuine dispute of material fact in this case, and that the case turns on a question of contract interpretation: when is a driver "underinsured" under Plaintiff's State Farm policy ("Policy")? (Doc. # 29, ¶¶ 2, 4; Doc. # 33, pp. 5-6).

Plaintiff argues that a driver is underinsured if his auto-liability insurance limits are less than the plaintiff's total damages. (Doc. # 29, ¶ 12). She contends that Keeson was underinsured because he carried only $100,000 in auto-liability insurance – less than Plaintiff's claimed damages. State Farm argues that a driver is underinsured only if

---

[1] In a separate lawsuit, Plaintiff is also suing her former attorneys for malpractice based on their failure to tell her about the umbrella policy. (Doc. # 29, ¶ 5.M.)

2

his total liability coverage – including auto-liability policies and umbrella coverage – is insufficient to cover the plaintiff's damages. State Farm contends that Keeson was not underinsured because he carried a total of $1.1 Million in applicable coverage. The Court agrees with State Farm.

Insurance policies are contracts and, as such, are governed by the rules of contract interpretation. *State Farm Mut. Auto. Ins. Co. v. Kastner*, 77 P.3d 1256, 1259 (Colo. 2003). "[I]n the absence of ambiguity, an insurance policy must be given effect according to the plain and ordinary meaning of its terms." *Wagner v. Am. Family Mut. Ins. Co.*, 569 F. App'x 574, 578 (10th Cir. 2014).

The Policy states that, if Plaintiff is injured by a driver who lacks sufficient insurance to cover her damages, State Farm will help make up the difference: "**We** will pay compensatory damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of . . . an underinsured motor vehicle." (Doc. # 29-1, p. 19 (emphasis in original)). However, Plaintiff is entitled to these benefits only if her damages exceed the total amount of liability coverage available from the other driver: "The most **we** will pay [in UIM benefits] is . . . the difference between the total limits of legal liability coverage from all sources and the **insured's** damages." (Doc. # 29-1, p. 20 (bold and italicized text in original; underlining added)). In other words, a driver is not "underinsured" unless the "total limits" of all applicable insurance policies are insufficient to cover Plaintiff's damages.

The Court finds the Policy language to be clear and unambiguous. Under the plain language of the Policy, State Farm has no obligation to pay UIM benefits unless

3

the "<u>total limits</u> of legal liability coverage from <u>all sources</u>" are insufficient to cover Plaintiff's damages. (Doc. # 29-1, p. 20 (emphasis added)). Plaintiff concedes that, in this case, the "total limits of legal liability coverage from all sources" was $1.1 Million – more than enough to cover her damages. (Doc. # 29, n. 7). Therefore, Keeson was not "underinsured," and State Farm had no obligation to pay UIM benefits.

Plaintiff argues, however, that State Farm "waived or annulled" the "total limits" provision by consenting to the settlement. (Doc. # 46, ¶ 18). Plaintiff cites no authority to support this argument. To the contrary, it is well settled that insurance coverage "cannot be extended by the doctrine of waiver or estoppel." *Hartford Live Stock Ins. Co. v. Phillips*, 372 P.2d 740, 742 (Colo. 1962).

Plaintiff also argues that Colorado's UIM statute suggests a different result: "[E]xcess liability or 'umbrella' policies are [not] (at least generally) part of the statutory scheme contemplated by C.R.S. § 10-4-609." (Doc. # 29, ¶ 10). This argument is inapposite. The UIM statute merely sets the minimum requirements for UIM policies in Colorado. *See* C.R.S. §§ 10-4-609(1)(a) (insurance carriers must offer uninsured-motorist coverage). There is no dispute that the Policy satisfies those minimum requirements. Nothing in the UIM statute compels the Court to disregard the plain language of Plaintiff's Policy.

In sum, Plaintiff's State Farm had no obligation to pay UIM benefits under the Policy. Therefore, State Farm did not breach its contract with Plaintiff, and it did not unreasonably delay or deny insurance benefits. As a result, Plaintiff's claims against State Farm must fail as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment re: Issue of Law (Doc. # 29) is DENIED and Defendant's Motion for Summary Judgment (Doc. # 42) is GRANTED. The clerk is directed to enter judgment against Plaintiff and in favor of Defendant.

DATED: March 1, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge